PER CURIAM
*403 Respondent appeals the Family Abuse Prevention Act ("FAPA") orders that renewed the 2007 restraining order obtained against him. He raises two assignments of error; we reject the first assignment without published discussion and write only to address the assignment of error in which he contends that the trial court issuing the renewals of the restraining order failed to make adequate factual findings. Respondent urges us to reverse and remand the orders so that the trial court can make what he asserts are the necessary findings.
In both renewals, the trial court made the following findings:
"Based on the testimony the Court finds:
"That Petitioner does have fear of further acts of abuse by Respondent and that fear is reasonable.
"That Petitioner's testimony was credible in expressing her fear of the Respondent *794 based on his threats to harm her. Petitioner was reasonably concerned for her personal safety."
On appeal, respondent asserts that those findings are inadequate to permit our meaningful review of the trial court's orders, given that the case is "complex" and the record is voluminous. Because respondent, however, failed to request the findings he now asserts are required for our review, that contention is unpreserved.
We first decline respondent's request that we review the trial court's orders de novo so that we can determine that this is an "extraordinary case" and reverse and remand the orders for an entry of factual findings; this is not an extraordinary case, and we therefore do not exercise our discretion to conduct de novo review. ORS 19.415(3)(b) ; ORAP 5.40(8) (c). Further, preservation requires that an issue must first be presented to the trial court in order to be considered on appeal. ORAP 5.45(1) ; Peeples v. Lampert , 345 Or. 209, 219, 191 P.3d 637 (2008). Respondent's assertion that *404 his pleadings and the evidence presented at the hearings preserved the issue for our review is unavailing.[1]
Affirmed.

We note that there is no statutory requirement for the findings respondent requests. FAPA, ORS 107.700 to 107.735, allows a person who has been the victim of abuse (between family or household members) within the preceding 180 days to file a petition to obtain relief in the form of a restraining order. ORS 107.718. A FAPA restraining order may be renewed if the trial court makes a finding that "a person in the petitioner's situation would reasonably fear further acts of abuse by the respondent if the order is not renewed." ORS 107.725(1)(a). Likewise, our case law has not required the kind of findings requested by respondent. Cf. Vanik-Burns v. Burns , 284 Or. App. 366, 367, 392 P.3d 386 (2017) (in reviewing a FAPA order, noting that, "if the trial court did not make express factual findings on disputed issues, we presume that it made implicit findings consistent with its ultimate judgment").